**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MILAGROS CERROS-HENRIQUEZ, | No. 13-73067 |
| Petitioner, | A72-177-101 |
| v. | |
| LORETTA E. LYNCH, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review from an Order of the
Board of Immigration Appeals

Submitted December 9, 2015[**]

Before:     WALLACE, RAWLINSON, and IKUTA, Circuit Judges.

Milagros Cerros-Henriquez, a native and citizen of El Salvador petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing an appeal

from an immigration judge's decision denying her application for asylum and

withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for substantial evidence findings of fact, including adverse credibility determinations, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on an inconsistency between Cerros-Henriquez's testimony and written statements as to whether she was present when guerillas assaulted her family. *See id.* at 1043. We reject Cerros-Henriquez's contention that there can be no adverse credibility finding where the oral testimony diminishes, rather than enhances the claim. *See Kaur v. Gonzales*, 418 F.3d 1061, 1065 (9th Cir. 2005) (rejecting a per se rule that whenever inconsistencies weaken an asylum claim they cannot serve as the basis of a credibility finding). In the absence of credible testimony, Cerros-Henriquez's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**